NICK J. MILETI AND GRETCHEN MILETI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mileti v. Commissioner
Docket No. 21589-89
United States Tax Court
T.C. Memo 1990-383; 1990 Tax Ct. Memo LEXIS 401; 60 T.C.M. (CCH) 252; T.C.M. (RIA) 90383; July 24, 1990, Filed Theodore M. Garver and Alan Gordon Lipson, for the petitioners. J. Scott Broome, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7443A(b) and Rule 180, et seq. [1] After a review of the record, we agree with and adopt her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined a deficiency in petitioners' 1977 Federal income tax of $ 98,338. This case is before us on petitioners' Motion To Dismiss [2] and respondent's Cross Motion To Dismiss For Lack Of Jurisdiction. *403 In 1977, petitioners, Nick J. Mileti (hereinafter "Mr. Mileti") and Gretchen Mileti (hereinafter "Mrs. Mileti"), were husband and wife. They filed a joint Federal income tax return for 1977 on which they showed an Ohio address. Subsequently, they divorced and established separate residences. Prior to the date on which respondent mailed her a notice of deficiency, Mrs. Mileti informed respondent that her address was c/o Tutto Italia, 8657 Sunset Boulevard, Los Angeles, California, 90067 (hereinafter "the Los Angeles address"). Also, prior to the date on which respondent mailed him a notice of deficiency, Mr. Mileti filed a 1986 Federal income tax return, on which he showed his address as 2131 Shoreline Drive, Shell Beach, California, 93449 (hereinafter "the Shell Beach address"). Both petitioners resided in California (at different addresses) at the time they filed their petition. Petitioners agreed to extend the period of limitations for assessment of their 1977 income taxes to June 30, 1988. On that date, respondent mailed a duplicate original joint notice of deficiency to Mrs. Mileti at her Los Angeles address and a duplicate original joint notice to Mr. Mileti at 9665 *404 Wilshire Blvd., Beverly Hills, California, 90212 (hereinafter "the Beverly Hills address"). Also on that date, respondent mailed a copy of each notice of deficiency to petitioners' representatives in Cleveland, Ohio, in compliance with a request included in the Power of Attorney (Form 2848) they had on file. Respondent mailed each notice of deficiency and the copies thereof by certified mail. Mrs. Mileti received the notice of deficiency sent to her in due course. The notice of deficiency which respondent mailed to Mr. Mileti at the Beverly Hills address, however, was returned to respondent on July 19, 1988, with the notation "Attempted-Not Known". Respondent has admitted that the certified mailing to Mr. Mileti was not sent to his "last known address." On July 21, 1988, respondent prepared a letter to Mr. Mileti attaching thereto a copy of the notice of deficiency and a copy of the original mailing envelope. He sent copies by regular mail to Mr. Mileti at three different addresses. Shortly thereafter, Mr. Mileti received the letter which had been addressed to the Shell Beach address. The other two letters were returned to respondent. Petitioners' representatives received *405 their copies of the notices of deficiency and, shortly thereafter, began settlement negotiations on behalf of petitioners. Mr. Mileti was aware of these negotiations because he received copies of the correspondence which petitioners' representatives sent to respondent. The ninetieth day following respondent's mailing of the duplicate original joint notices of deficiency by certified mail was September 28, 1988. Petitioners filed their petition on September 5, 1989, 432 days after the certified mailing, and approximately 400 days after Mr. Mileti received a copy of his notice of deficiency from respondent by regular mail. In order to maintain an action in this Court, the Commissioner must send a valid notice of deficiency to the taxpayer and the taxpayer must file a timely petition. See ; , affd. without published opinion ; , (1980). A taxpayer generally has 90 days after a valid notice of deficiency is mailed in which to file a petition with this Court. Sec. *406 6213(a). It is clear that petitioners failed to file within that period and, therefore, we lack jurisdiction. However, we must determine the validity of the notices of deficiency in order to decide whether to grant petitioners' or respondent's motion to dismiss. See ; . Section 6212 delineates the requirements concerning to whom a notice of deficiency is required to be sent so that the notice will be considered valid. Section 6212(a) authorizes the Commissioner, upon determining a deficiency in income tax, to issue a notice of deficiency by certified or registered mail. The mailing of the notice of deficiency to the taxpayer's "last known address" constitutes sufficient notice, even if the notice is not received by the taxpayer. Sec. 6212(b)(1); , affg. ; . However, where, after filing a joint return, either spouse notifies the Commissioner that a separate residence has been established, *407 then the Commissioner must send a duplicate original of the joint notice by certified or registered mail to each spouse at each last known address. Sec. 6212(b)(2); . The purpose of section 6212 is to insure that each taxpayer receives notice that the Commissioner has determined a deficiency against him so that he may challenge the determination within the 90-day period provided for in section 6213. See , affd. . Therefore, if mailing results in actual notice to the taxpayer without prejudicial delay, it meets the conditions of section 6212(a) no matter to what address the notice was sent. ; ; . Actual notice by means of a copy of the original notice also meets the conditions of section 6212(a). See , affd. . *408 Moreover, actual notice received by regular, as opposed to certified or registered mail, also meets the conditions of section 6212(a). See . Mrs. Mileti
Mrs. Mileti informed respondent of her Los Angeles address prior to the date on which respondent mailed her a notice of deficiency. This constituted clear and concise notification of a new address for Mrs. Mileti which required respondent to mail a duplicate original of the joint notice to her at her Los Angeles address. Respondent fulfilled these requirements. However, her petition in this case was filed 432 days after the date on which such notice was mailed. Because such filing was not timely, we do not have jurisdiction with respect to Mrs. Mileti. Mr. Mileti
The question remaining is whether respondent issued a valid notice of deficiency to Mr. Mileti. Respondent concedes that the duplicate original joint notice of deficiency issued to Mr. Mileti was not mailed to his last known address as required by section 6212(b)(2). Nevertheless, he maintains that Mr. Mileti received actual notice of the deficiency determined against him with sufficient *409 time to file a timely petition, but failed to do so. Therefore, he maintains that this Court also lacks jurisdiction as to Mr. Mileti. Mr. Mileti admitted that he received actual notice of the notice of deficiency with sufficient time in which to file a timely petition with this Court. He was not prejudiced by the improperly addressed notice. Moreover, the fact that the notice which Mr. Mileti received was only a copy of the original, or the fact that it was mailed to him by regular mail, does not affect its validity. ; . Simply put, Mr. Mileti knew, in plenty of time to invoke the jurisdiction of this Court, that respondent had determined a deficiency in his 1977 Federal income taxes. He need only have filed a petition within the 90 day statutory period. He voluntarily chose not to do so. Nevertheless, Mr. Mileti argues strenuously, based on , affd. (hereinafter "Mulvania II"), that actual notice does not transform the duplicate original joint notice of deficiency which *410 was mailed to him at the wrong address into a valid notice of deficiency. However, in Mulvania II, the taxpayer did not receive the original notice of deficiency and the Commissioner did not send a copy to him. Moreover, the taxpayer's representative did not give timely actual notice to the taxpayer that a deficiency had been determined against him. Therefore, in Mulvania II, the taxpayer did not have actual notice and could not have filed a timely petition. The facts in this case are in sharp contrast to the facts of Mulvania II. Mr. Mileti received actual notice without prejudicial delay. The decision of whether to file a timely petition was within his control. His failure to do so deprives us of jurisdiction. Cf. . [3]
*411 In light of the foregoing, we grant respondent's motion to dismiss for lack of jurisdiction as to both petitioners, and deny petitioners' motion to dismiss. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect at the time the petition was filed. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners' motion was filed as a Motion for Summary Judgment. This Court will consider a motion for summary judgment only after the pleadings are closed. Rule 121. Since respondent has not yet filed an Answer, we consider petitioners' motion as a motion to dismiss for lack of jurisdiction.↩
3. Because we have found that we lack jurisdiction over this case, we decline to address petitioners' arguments regarding the statute of limitations. See , and the cases cited therein.↩